UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| YELENA TANAS, | ) | |
| | ) | |
| Plaintiff, | ) | Case No.: 17-cv-3371 |
| | ) | |
| v. | ) | **COMPLAINT** |
| | ) | |
| PRESENCE SAINTS MARY AND | ) | |
| ELIZABETH MEDICAL CENTER, | ) | **JURY DEMANDED** |
| | ) | |
| Defendant. | ) | |

Now Comes the Plaintiff, YELENA TANAS ("Plaintiff"), by and through her attorneys and for her Complaint against the Defendant, PRESENCE SAINTS MARY AND ELIZABETH MEDICAL CENTER ("Defendant"), Plaintiff alleges and states as follows:

**PRELIMINARY STATEMENT**

1. This is a complaint for damages and equitable relief and injunctive relief for violations of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101, *et seq*.

2. Specifically, Plaintiff contends that she is an individual within the meaning of the ADA, that Defendant unreasonably refused to consider accommodation of her disability and discharged her because of her disability, in violation of the ADA.

**PARTIES**

3. Plaintiff is an individual who at all relevant times resided in Wheeling, Illinois.

4. Defendant first employed Plaintiff during or about November of 2004. At the time of her termination, Plaintiff was employed by Defendant as an Ultrasound Technician.

5. On information and belief, Defendant is a not-for-profit corporation of the State of Illinois whose principal place of business is located in Chicago, Illinois.

6. Plaintiff is an "employee" within the meaning of the ADA, 42 U.S.C. § 12111(4), as she is an individual employed by an employer, the Defendant herein.

7. Defendant is an "employer" within the meaning of the ADA, 42 U.S.C. § 12111(5), as it is a "person" engaged in an industry affecting commerce who has 15 or more employees for each working day in each of 20 or more calendar weeks in the current or preceding calendar year.

## JURISDICTION AND VENUE

8. Jurisdiction is proper in this Court pursuant to 28 U.S.C. § 1331 and 42 U.S.C. § 12188.

9. Venue is appropriate in this Court pursuant to 28 U.S.C. § 1391(b), as a substantial part of the event and omissions giving rise to Plaintiff's claims occurred in this judicial district.

## BACKGROUND FACTS

10. During or about March of 2016, Plaintiff was diagnosed with Multiple Sclerosis ("MS").

11. During or about March of 2016, Plaintiff took a medical leave of absence from her employment, as allowed by the Family and Medical Leave Act ("FMLA"), for approximately two months.

12. On May 12, 2016, Plaintiff's physician, George Katsamakis, M.D. ("Katsamakis") wrote a letter on behalf of Plaintiff to Defendant, releasing Plaintiff to return to work with restrictions.

13. Katsamakis recommended two accommodations for Plaintiff's return to work:

    a. To limit the amount of walking asked of Plaintiff to 50 feet; and

    b. To not require Plaintiff to walk next to the patients she worked with.

14. On information and belief, Defendant's policy required those escorting patients at the medical center to walk alongside them and forbid walking either in front of or behind patients.

15. Due to Plaintiff's MS, Plaintiff was not able to walk fast enough to match most patients' strides.

16. On May 16, 2016, Plaintiff attempted to return to work from her FMLA leave.

17. Upon arriving at work, Plaintiff's manager, Wendy Scola ("Scola"), and the chairman of her department, sent her home, telling her that she could not continue to work with the physical restrictions Plaintiff was requesting.

18. Plaintiff's manager and chairman informed Plaintiff that the only way she could return to work was without the requested accommodations.

19. It was common practice during times the ultrasound department was busy, for other hospital employees to escort patients to the ultrasound department. Plaintiff requested this be done for her as an accommodation, to allow her to continue working for Defendant, but her request was refused.

20. On or about May 30, 2016, Plaintiff spoke with Scola again, as well as with a human resources specialist, Danielle Normand ("Normand").

21. Scola and Normand informed Plaintiff that no reasonable accommodations would be afforded to Plaintiff.

22. On or about July 1, 2016, Plaintiff signed a release allowing Defendant to speak with Katsamakis regarding Plaintiff's health.

23. On or about July 9, 2016 Plaintiff received a certified letter from the United States Postal Service ("USPS") from Defendant.

24. The certified letter sent through the USPS showed that it had been mailed on July 8, 2016 but the letter itself was dated June 29, 2016.

25. The certified letter stated that Defendant needed Plaintiff to sign an enclosed release on or before July 8, 2016, or they would advertise Plaintiff's position to be filled by another candidate.

26. On August 5, 2016, Plaintiff received another letter from Defendant.

27. The stress, aggravation and emotional distress from this incident has exacerbated Plaintiff's medical condition to the point that she is not currently able to work.

## COUNT I

## VIOLATION OF THE AMERICANS WITH DISABILITIES ACT

28. Plaintiff incorporates all of the allegations and statements contained in paragraphs 1 through 27 above as if reiterated herein.

29. Defendant intentionally discriminated against Plaintiff on the basis of her disability in one or more of the following ways:

    a. Failing to reasonably accommodate her disability;

    b. Terminating her because of her disability; and/or

    c. Retaliating against her for requesting accommodations due to her disability.

30. Defendant's actions were in willful and wanton violation of Plaintiff's rights.

31. All conditions precedent to this Court's jurisdiction have occurred or have been complied with. Specifically:

    a. Plaintiff filed a Charge of Discrimination, number 440-2017-00619, with the Equal Employment Opportunity Commission ("EEOC") on November 7, 2016.

    b.    The EEOC issued a Notice of Suit Rights to Plaintiff for said charge on March 20, 2017.

Wherefore, Plaintiff, YELENA TANAS, respectfully prays this Honorable Court enter judgment against Defendant, PRESENCE SAINTS MARY AND ELIZABETH MEDICAL CENTER, as follows:

    a.    Declaring the Defendant's practices complained of herein unlawful and in violation of the ADA;

    b.    Permanently enjoining Defendant, its agents, successors, officers, employees, representatives, attorneys and those acting in concert with it or them from engaging in the unlawful practices, policies, customs and usages set forth herein, and from continuing any and all practices shown to be in violation of applicable law;

    c.    Ordering modification or elimination of the practices, policies, customs and usages set forth herein and all other such practices shown to be in violation of applicable law, ensuring Defendant will not continue to discriminate on the basis of disability;

    d.    Immediately assigning Plaintiff to the position she would now be occupying but for the discriminatory practices of Defendant, and adjusting the wage rates, salaries, bonuses and benefits for Plaintiff to those which she would have received but for the discriminatory practices of Defendant, or awarding Plaintiff front-end and future pay;

  e. Compensating and making Plaintiff whole for all earnings, wages, bonuses and other benefits that Plaintiff would have received but for the discriminatory practices of Defendant;

  f. Compensating and making Plaintiff whole for all other damages Plaintiff incurred as a result of the discriminatory practices of Defendant;

  g. Awarding Plaintiff all witness fees, court costs and other litigation costs incurred in this Action, including reasonable attorneys' fees; and

  h. Awarding Plaintiff liquidated and/or punitive damages for Defendant's willful conduct, and granting such other relief as may be just and proper.

## JURY DEMAND

Plaintiff demands a trial by jury on all issues in this action so triable, except for any issues relating to the amount of attorneys' fees and litigation costs to be awarded should Plaintiff prevail on any of her claims in this action.

    RESPECTFULLY SUBMITTED,

    YELENA TANAS

    By: /s/ David B. Levin
      Attorney for Plaintiff
      Illinois Attorney No. 6212141
      Law Offices of Todd M. Friedman, P.C.
      111 West Jackson Blvd., Suite 1700
      Chicago, IL 60604
      Phone: (312) 212-4355
      Fax: (866) 633-0228
      dlevin@toddflaw.com